HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCTIC SLOPE REGIONAL CORPORATION,

    Plaintiff,

v.

ELLIOTT AVENUE INC,

    Defendant.

CASE NO. C11-1218 RAJ

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH LEAVE TO AMEND

## I. INTRODUCTION

This matter comes before the court on plaintiff Arctic Slope Regional Corporation's motion to dismiss defendant Elliott Avenue Inc.'s counterclaims. Dkt. # 11. In its counterclaim, defendant alleges claims against plaintiff for breach of contract, promissory estoppel, and violation of the "Alaska Unfair and Deception Trade Practices Act."[1] Plaintiff argues that defendant lacks standing to pursue all three claims and it has failed to plead sufficient facts to state a plausible claim for relief. Defendant responds

---

[1] The Alaska legislature refers to the statute as the Unfair Trade Practices and Consumer Protection Act (the "Act"). *See* AS § 45.50.471.

that it has standing and it has stated sufficient facts to withstand dismissal. Having reviewed the memoranda, exhibits, and the record herein, the court GRANTS plaintiff's motion to dismiss with leave to amend.[2]

## II. BACKGROUND

On July 21, 2011, plaintiff filed a complaint against defendant seeking a declaration clarifying its rights and obligations with respect to its business dealings with defendant. Dkt. # 1. On September 2, 2011, defendant filed an answer to the complaint, a counterclaim against plaintiff, and a third-party complaint against George Thaw. Dkt. # 6. On September 7, 2011, defendant amended its answer, counterclaim and third-party complaint. Dkt. # 8-1. On September 26, 2011, plaintiff filed the motion to dismiss arguing that defendant lacked standing because defendant denied "that it has done business as and/or is the successor in interest to Elliott Avenue Management Consultants." Dkt. 8-1 ¶ 2. Elliott Avenue Management Consultants ("EAMC") is the entity identified on the relevant contracts and documents that form the basis of defendant's counterclaims. *See* Dkt. # 12-1, 12-2, 12-3. Defendant claims that the denial was in error and the parties attempted to secure a stipulation that would address the error and allow defendant to file an amended pleading. Counsel for the parties were unable to reach an agreement, and the motion is now ripe. *See* Dkt. # 16 ¶¶ 2-3, # 22 ¶¶ 2-4.

## III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in

---

[2] This motion may be decided on the papers submitted. Accordingly, the court DENIES the parties' request for oral argument.

favor of the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. As a result, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is inappropriate unless it appears beyond a doubt that plaintiff can prove no set of facts in support of the claim entitling him to relief. Livid Holdings, 416 F.3d at 946.

A party must have standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Standing is a question of law for the court to decide. *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1454 (9th Cir. 1995).

Here, the operative pleading is the amended pleading in which defendant "denies that it has done business as and/or is the successor in interest to Elliott Avenue Management Consultants." Dkt. # 8-1 ¶ 2. EAMC is a distinct entity from defendant. *See Abrahim & Sons, Enters. v. Equilon Enters., LLC*, 292 F.3d 958, 962 (9th Cir. 2002) ("Corporations and LLCs are distinct legal entities, separate from their stockholders or members."); *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) ("Generally, a shareholder does not have standing to redress an injury to the corporation."). The court acknowledges that defendant has provided evidence that all rights, title and interest in EAMC were transferred to defendant in October 2010. Dkt. # 17 ¶ 3-4; # 18 ¶ 2-3. However, defendant did not file for leave to amend the pleading or

provide this evidence to plaintiff to obtain a stipulation to amend the pleading. On a motion to dismiss, the court generally may not consider material beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where documents are referenced extensively in the complaint, form the basis of plaintiffs' claim, or are subjected to judicial notice, the court may consider those documents in the context of a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). Accordingly, the court cannot consider defendant's declarations, and the operative pleading stands as is. The court may consider the documents provided by plaintiff that are referenced in the complaint. Those documents are the Consulting Agreement (Dkt. # 12-1) and Statements of Work (Dkt. # 12-2 & 12-3). These documents identify EAMC as the entity doing business with plaintiff. Defendant has not alleged any facts outside of this business relationship that could establish standing. Given defendant's denial in its answer that it has done business as and/or is the successor in interest to EAMC, the Court finds that defendant does not have standing to bring the claims asserted against plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion to dismiss. Nevertheless, given the evidence provided by defendant, the court will grant leave to amend within thirty (30) days of the date of this order.[3]

Dated this 30th day of December, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[3] The court encourages the parties to work together in the future to eliminate unnecessary motion practice and waste of judicial resources.